### FLACK v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 7, 1923.)

No. 5777.

1. Indians &⟶38(5)—Evidence held to warrant conviction for possession and transportation of liquor in Indian country.

In a prosecution for introduction of liquor into Indian country and possession therein, in violation of the Indian Appropriation Act June 30, 1919, evidence *held* sufficient to warrant a conviction.

2. Indians &⟶35—Demurrer to indictment, on ground of unconstitutionality of statute forbidding introduction of liquor in Indian country, properly overruled.

Objections to the unconstitutionality of Indian Appropriation Act June 30, 1919, as presented on demurrer to an indictment for the offense of possession and introduction of liquor in Indian country, *held* not well taken.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Criminal proceeding by the United States against C. W. Flack for introduction of liquor into Indian country and possession therein. From a judgment of conviction, defendant brings error. Affirmed.

J. C. Denton, of Tulsa, Okl., for plaintiff in error.

W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl.

Before SANBORN and KENYON, Circuit Judges, and POLLOCK, District Judge.

---

&⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

POLLOCK, District Judge. This was a prosecution of plaintiff in error, defendant below, herein called defendant, for violation of the Act of June 30, 1919, commonly known as the Indian Appropriation Act (41 Stat. 3), for introducing and having in his possession in Indian country, as that term has been often defined, intoxicating liquors. There was a trial and verdict of conviction, and a judgment pronounced against defendant, 60 days in jail and fine of $100. While there are some 16 specifications of error, the only question of merit presented on the trial was whether the intoxicating liquors found on the premises where defendant was located at the time of his arrest were in his possession or in the possession of one Shuman.

[1] At the time of his arrest defendant was found asleep on the premises in which liquor was found, in an intoxicated condition, and when awakened by the officers made the declaration as to how long he had been running the place, and other admissions of guilt. It is true there was evidence at the trial the owner of the premises had shortly prior thereto leased the premises, which consisted of the shack in which the defendant was found asleep and a large dance hall some 25 yards away, to Shuman; and it was the contention of defendant at the trial all the intoxicating liquor found on the entire premises belonged to and were in the possession of Shuman, with whom he was drinking when he became intoxicated. However, on all the evidence the jury determined the facts against this contention of the defendant, and in a case of minor importance like this, such finding of the jury should be conclusive of the facts.

[2] There was a demurrer to the indictment, based upon the specific grounds that it charged no offense, and that the act of Congress on which the indictment was based was unconstitutional and void. Neither ground of the demurrer to the indictment, as presented, was well taken. The case was tried in April and sentence was pronounced in September, 1920. No question is raised or presented as to the effect, if any, of the Volstead Act (41 Stat. 305) upon the alleged offense; hence no such question exists in this case.

While there are many specifications of error based on the charge of the court to the jury, and on refusal of the court to charge as requested by defendant, we are of the opinion no such prejudicial error was committed as to work a reversal. The sole question of fact determined by the jury was fully understood, and on the evidence found against defendant. The questions of law presented against the validity of the charge as made, and as they arose on the trial, were correctly determined by the trial court.

It follows, finding no prejudicial error in this record, the judgment must be affirmed.